James G. SCHAEFER, Plaintiff,
v.
Russell A. WELCH, District Director of
Internal Revenue, Defendant,
United States of America, Intervenor.
Civ. No. 3255.

United States District Court
S. D. Ohio, W. D.
Dec. 10, 1956.

Joseph S. Platt, Porter, Stanley, Treffinger & Platt, Columbus, Ohio, for plaintiff.

Hugh K. Martin, U. S. Atty. for the Southern District of Ohio, Columbus, Ohio, Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

### Findings of Fact

1. During 1952 and until some time after March 15, 1953, James G. Schaefer (hereinafter referred to as "the plaintiff") was in military service and residing at 407 Wiltshire Boulevard, Dayton, Ohio.

2. On or before March 17, 1953, the plaintiff filed his Federal income tax return for the calendar year 1952 on Form 1040 with the defendant, Russell A. Welch, then Director of Internal Revenue at Cincinnati, Ohio, his title later being changed to District Director of Internal Revenue.

3. On or before March 31, 1953, the plaintiff paid $358.94 to the defendant, that being the amount of income tax shown on said return to be due.

4. On April 3, 1953, the plaintiff filed with the defendant a timely claim for the refund of $39.94 of the amount of 1952 income tax paid as set forth in paragraph 3.

5. No action was taken by the defendant or the Commissioner of Internal Revenue with respect to plaintiff's 1952 claim for refund.

6. This action was commenced on November 12, 1953, more than six months after the filing of the claim for refund.

7. The Commissioner of Internal Revenue advised the plaintiff by letter dated September 10, 1954, that a deficiency had been assessed in plaintiff's 1952 income tax in the amount of $60.06. The claim of the defendant based upon said jeopardy assessment letter is the subject of the intervening petition of the United States filed herein.

8. On or about June 30, 1952, and for more than six months prior thereto the plaintiff was the owner of 10 shares of the stock of The Evergreens, a New York corporation.

9. On June 30, 1952, the plaintiff's adjusted tax cost basis of 6 of the shares of the stock of The Evergreens was $739.-42 and he had no adjusted tax cost basis for the remaining 4 shares.

10. On or about June 30, 1952, The Evergreens retired all of its outstanding stock and became a non-profit corporation, operated for the benefit of the owners of lots, plots, and graves therein, and has since continued as such.

11. On or about June 30, 1952, the plaintiff surrendered his 10 shares to The Evergreens for retirement and received in respect of such stock a liquidating distribution of $1,000 ($100 per share) and a non-interest bearing note of The Evergreens (hereinafter referred to as the "Note") promising payment to the plaintiff of $750 ($75 per share) in five equal annual installments.

12. The plaintiff on his 1952 income tax return reported $400 of the cash liquidating distribution as a long-term capital gain, his 1952 tax being increased in the amount of $39.96 by reason thereof.

13. The plaintiff in his 1952 income tax return included no amount in income or capital gain by reason of his receipt of the Note.

14. The jeopardy assessment letter determined a deficiency on the basis of a finding that the taxpayer received $1,-750, $1,000 in cash and a Note worth $750, in exchange for his shares of stock of The Evergreens on June 30, 1952, and realized a 1952 long-term capital gain on said transaction of $1,010.58, being the $1,750 received reduced by plaintiff's cost basis of $739.42.

15. On June 30, 1952, the paid-in capital of The Evergreens amounted to $160,000 ($33.33 per share).

16. On June 30, 1952, the earnings and profits of The Evergreens accumulated prior to March 1, 1913, amounted to $423,211 ($88.17 per share).

17. On June 30, 1952, the earnings and profits of The Evergreens accumulated after February 28, 1913, amounted to $14,619.44 ($3.05 per share).

18. On June 30, 1952, The Evergreens had on hand undistributed surplus in the amount of $981,760.74 (over $200 per share), which represented appreciation in value prior to March 1, 1913, of property owned by the corporation on March 1, 1913, realized by sale after said date. This portion of the undistributed surplus is hereinafter referred to as "the pre-1913 appreciation account".

19. The basis of the jeopardy assessment was the failure of the taxpayer to include in his 1952 return the full value of the promissory note issued by The Evergreens Corporation in the amount of $750.

20. The United States of America filed an intervening petition in this case to assert the jeopardy assessment of $65.-35 as a counterclaim against the taxpayer.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. The distribution by The Evergreens of pre-1913 Appreciation Account in complete liquidation of the corporation must be treated under the provisions of Section 115(c) of the Internal Revenue Code of 1939 rather than under Section 115(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 115(b, c).

3. The distribution by The Evergreens to the taxpayer is taxable pursuant to Section 115(c) of the In-

ternal Revenue Code of 1939, which provides that the distribution shall be treated as in full payment in exchange for the stock, and in this case any amounts distributed in excess of the basis of the stock should be treated as long-term capital gain.

 4. The non-interest bearing note received by the taxpayer in 1952 in the sum of $750 and payable in five equal annual installments was taxable in its full face amount in the year received.

5. The defendant is entitled to a judgment dismissing the complaint.

6. The United States of America, the intervenor in this case, is entitled to a money judgment in the sum of $65.35, plus interest as allowed by law.